| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Return Date: May 5, 2009 |
| SOUTHERN DISTRICT OF NEW YORK | |

-------------------------------X
IN RE:                                                            Case No.  08-23821
    Darrell Bryant & Gwen Bryant
       Debtor                                               Chapter 13
-------------------------------X

## NOTICE OF MOTION FOR OBJECTION TO CLAIM AND TO RECLASSIFY CLAIM AS UNSECURED

**TO ALL PARTIES:**

  **PLEASE TAKE NOTICE** upon the affidavit of Darrell Bryant & Gwen Bryant will move pursuant to 11 U.S.C. Section 105(a) and 11 U.S.C. Sections §522 as follows:

| | |
|---|---|
| JUDGE: | Hon. Robert D. Drain |
| RETURN DATE AND TIME: | May 5, 2009 9:45 am |
| PLACE: | U.S. Bankruptcy Court<br>300 Quarropas St., 5th Floor<br>White Plains, NY  10601 |
| RELIEF REQUESTED: | An objection to Claim #9 to reclassify a claim to unsecured for JP Morgan Chase Bank |
| BASIS FOR RELIEF REQUESTED: | 11 USC §522 |

DATED: March 31, 2009
     Spring Valley, NY

                                                                _____/s/_____
                                                                 Joshua N. Bleichman
                                                                 Attorney for Debtor

| UNITED STATES BANKRUPTCY COURT | Return Date: May 5, 2009 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | |

-----------------------------x
IN RE:                                                                 Index No. 08-23821
Darrell Bryant & Gwen Bryant                                 Chapter 13
_____x

## AFFIDAVIT IN SUPPORT OF MOTION FOR OBJECTION TO CLAIM AND TO RECLASSIFY CLAIM AS UNSECURED

COMES NOW Darrell Bryant & Gwen Bryant, the debtors herein, by and through their attorney, Joshua N. Bleichman, who affirms under the penalties of perjury that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, we believe them to be true.

This is an application pursuant to §1327 and Rule 7001 of the Bankruptcy Code to reclassify and avoid a lien which impairs the debtors' exemption for their property located at 128 Hempstead Road, Spring Valley, NY. The claim # 9 is annexed here as Exhibit "A" in the amount of $33,183.62 of JP Morgan Chase Bank

2.      On December 15, 2008, we filed a Chapter 13 Case 08-23821.

3.      Based upon an appraisal the value of the Property is $330,000.00 See Exhibit "B."

4.      A mortgage is held by IndyMac Federal Bank FSB in a filed claim # 8 in the amount of $411,218.34 See Exhibit "C".

5.      There is no equity in the property and the claim of JP Morgan Chase Bank is completely unsecured.

6.      According to my knowledge there is a secured claim to JP Morgan Chase Bank in the amount of $33,183.62. Clearly the lien impairs my exemption.

WHEREFORE, the debtor prays that this Court enter and Order avoiding the lien of JP Morgan Chase Bank on the debtor's residence and such other relief that is just and proper.

Dated: March 31, 2009
          Spring Valley, NY

                  _____/s/_____
                   Joshua N. Bleichman
                   Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
IN RE:
Darrell Bryant & Gwen Bryant                         Index No. 08-23821
                                                     Chapter 13

_____x


# MEMORANDUM OF LAW WITH POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO RECLASSIFY CLAIM AS UNSECURED

COMES NOW, Darrell Bryant & Gwen Bryant, the Debtors in the above captioned Bankruptcy case, and files this Memorandum of Law in support of this Motion to reclassify claim # 9 as unsecured and as cause therefore would respectfully show this court as follows:

I.  OPERATIVE FACTS

The Debtor incorporates by reference verbatim the statements of fact alleged in the affirmation in support of this Motion filed herewith.

II.  ARGUMENTS AND POINTS AND AUTHORITIES

POINT I:  Calvary Portfolio Services, LLC. Lien should be reclassified as unsecured

In *Johnson v. Asset Management Group, LLC,* 226 B.R. 364 (D.Md.1998) held that a debtor may strip off the lien of a wholly unsecured junior lien secured only by her residence.

Regarding the question of whether a lien is secured or unsecured, Section 506(a) holds in relevant part: "An allowed claim of creditor secured by a lien on the property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest. is less than the amount of such allowed claim." Under Section 506(a), an unsecured allowed claim is bifurcated into a secured portion (that part of the claim that is secured to the extent of the value of the debtors interest in the collateral), and an unsecured portion (that which exceeds the value of the collateral). Thus a $ 1,000,000.00 claim secured by a lien on property of $ 60,000.00 is considered to be a

secured claim to the extent of $ 60,000.00, and to be an unsecured claim for $ 40,000.00. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S. Ct. 1026, 1029, 103 L. Ed. 2d 290 (1989).

Under Section 506(a), a lien that is *secured* by the collateral is not voidable. Conversely, the portion of the lien that is not secured by the Debtors' interest in the collateral is voidable. Therefore, lien avoidance under Section 506 (a) and (d) is based upon whether a lien is allowable under Section 502(a), and if so, whether the allowable lien is secured or unsecured. The fact that a lien is or is not con sensual is not, in and of itself, relevant in determining the avoid ability issue. The true question in the instant case is whether the provisions of 11 U.S.C. 506 are available to Chapter 13 Debtors.

## CONCLUSION

WHEREFORE, the Debtor respectfully prays that this Court issue its Order: (1) finding that notice of and opportunity for the hearing upon this motion was appropriate in the particular circumstances of this case; (2) approving this motion and removing JP Morgan Chase Bank lien from the property and (3) granting such other and further relief as the court may deem appropriate.

Dated: Spring Valley, NY  
    March 31, 2009

Respectfully,

_____/s/_____  
Joshua N. Bleichman  
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------x
IN RE:                                                    Index No. 08-23821
Darrell Bryant & Gwen Bryant                              Chapter 13
_____x

**Order**

  Upon application of the debtors to reclassify the claim of JP Morgan Chase Bank lien on debtors' property to wit: 128 Hempstead Road, Spring Valley, NY pursuant to 11 USC 364;

It is hereby ordered:

  The motion is granted;

  JP Morgan Chase Bank lien on debtor's property to wit: 128 Hempstead Road, Spring Valley, NY pursuant to 11 USC 522 is hereby reclassified as unsecured.


Dated May __, 2009            _____/s/_____
                     Hon. Robert D. Drain
                     Bankruptcy Judge

CERTIFICATE OF SERVICE

STATE OF NEW YORK
COUNTY OF ROCKLAND

   I, Joshua N. Bleichman, an attorney admitted to practice before this court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I served the within Motion and Memorandum of Law and Proposed Order on March 31, 2009, by depositing a true copy thereof by ECF or a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, first class mail, addressed to the following persons:

JP Morgan Chase Bank
PO Box 24603
Columbus, OH 43219

Jeffery Sapir
399 Knollwood Rd Suite 102
White Plains, NY 10603

US Trustee
300 Quarropas St
White Plains, NY 10601

                                                            _____/s/_____
                                                                Joshua N. Bleichman